IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Thomas Powers,
    Plaintiff

v.

Larry Jones, Chaplain, Dixon Correctional Center, Daniel Segretto, Food Supervisor, Dixon Correctional Center, Rick Bollman, Food Supervisor, Dixon Correctional Center, Wes Landawer, Correctional Offiecer, Dixon Correctional Center. Louis Castillo, Food Sup. Dixon C.C.

RECEIVED APR 22 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

Case No. 08 C 50071

THE HONORABLE JUDGE Reinhard

CIVIL RIGHTS COMPLAINT

PURSUANT TO 42 U.S.C. 1983 and

42 U.S.C 2000(c)(c)(3)

and Religious Land Use Institutionalized Persons Act

I.

JURISDICTION

A. The Plaintiff is Thomas Powers, Register No. N-91586, who is presently incarcerated and whose mailing address is Dixon Correctional Center 2600 N. Brinton Dixon, Illinois 61021.

B. Defendant, Larry Jones,

Who is employed as : Chaplain of Dixon Correctional Center with the Illinois Department of Corrections at the address of :Dixon C.C. 2600 N. Brinton Dixon, Illinois 61021. The defendant at the time the claims had arose, was employed by the state or local government.

C. Defendant, Daniel Segretto,

Who is employed as a Food Supervisor , with the Illinois Department of Corrections at the address of: Dixon C.C. 2600 N.Brinton ave. Dixon,Illinois 61021. The defendant

1.

at the time the claims had arose, was employed by the State of Local government.

D. Defendant, Rick Bollman,

Who is employed as: Food Supervisor, with the Illinois Department of Corrections at the address of: Dixon Corrections 2600 N. Brinton Dixon, Illinois 61021. The defendant at the time claims had arose, was employed by the State of local government.

E. Defendant, Louis Castillo.

Who is employed as: Food Supervisors, with the Illinois Department of Corrections at the Dixon Correctional center 2600 N. Brinton ave. Dixon, Illinois 61021, The defendant at the time claims had arose, was employed by the State or local government.

F. Defendant Wes Landawer,

Who is employed as: Correctional Officer, with the Illinois Department of Corrections at the Dixon Correctional Center 2600 N. Brintonave. Dixon, illinois 61021. The defendant at the times claims had arose, was employed by the state or local government.

## II.

## PREVIOUS LAWSUITS

A. The Plaintiff has not filed any other lawsuit or claim resulting from the incidents involved in the claims herein. But has filed civil rights claims before and are listed below.

1. Powers v Meyers - Case No, Unknown - USDC NDIL (West) - Settled
   2001 - Cruel & Unusual Punishment
2. Powers v Rockford Police - Case No. Unknown USDC NDIL (West) settled
   2001 Excessive Force
3. Powers v. Donald Snyder et al. - USDC CDIL Case No 02-1372 pending.
   2002 deliberate Indifference to my Medical Need, retaliation
4. Powers v Odie Washington - Case No Unknown USDC Dismissed
   1997 - Due Process Violation
5. Powers v. Danny Jaimet et al. - USDC SDIL -03-670- pending trial decision
   2003 - Retaliation

## III.

### GRIEVANCE PROCEDURE

A. There was a grievance procedure in the institution in which the claims arose and the Plaintiff presented the facts relating to the claims herein to the administration.

B. The Plainitiff took the steps to have his suffering corrected by the defendants through

2.

the grievances procedure by writing the grievances, and subsequent to the denial of them who either refused to address the issues herein.

C. The Plaintiff has included in Appendix,attached herein , the copies of the grievances he filed with respect to these issues.

IV.

JURY TRIAL REQUEST

A. The Plaintiff wishes to preserve the right to trial as to all the issues herein triable of right by jury, pursuant to the Federal Rules of Civil Procedure, U.S.C.A. Title 28, Rule 38(a), (b),and (c).

V.

STATEMENT OF CLAIMS

This statement of claims against the above defendants is for the deprivation of the Plaintiff's Constitutional rights by an officer or agent of the State of Illinois, in thier individual and official capacity, while under the color os state law.

The Plaintiff inserted his right to the "Free Exercise" of his religion without penalties and insert his right to a nutritional diet for his body under Bibical law under Leviticious law and that his body is a vessel of the "Holy Temple" of God. The Plaintiff inserted his right to the free excercise in obtaining a Religious Diet under his religion of **Seventh Day Adventist**.. The Plaintiff was penalized by writing disciplinary reports when the Plaintiff inserted substitutions to the diet which substituted unhealthy and overbundance of soy products. The plaintiff would substitute Chicken and Fish clean meats under Leviticious law, when said chicken and fish was offered to general population which under the <u>Religious Land Use and Institutialized Persons Act</u>, which cannot be considered an additional government burden. The Plaintiff set forth his diet pursuant to IDOC rule 425.70, that he must provide "Written Verification". The Plaintiff provided his religion and diet. The Plaintiff right to free exercise his religion was violated when the defendants removed him from the diet losing spiritual connection, the Plaintiff was also retaliated by his loss of his dietary job,priviledges,diet.

The Plaintiff has been considered by the defendants as a grievance writer,

3.

whose only reason to be on the religious diet was to sue someone. The Plaintiff informed the Defendants that his beliefs in his religion and the diet that he held was sincere. As stated the Plaintiff has also been a dietary worker during the times relevant to the claims within.

The Plaintiff's rights to "free excercise" of his religion under the First Amendment and under the Religious Land use of Institutionalized Persons Act were violated and the Plaintiff's right to be free from retaliation when redressing grievances were violated which the Defendants action immediately followed after the grievances by the above listed defendants and as described as followed.

1. Defendant Larry Jones forced the Plaintiff to sign a Religious agreement that was blank and the Plaintiff was not allowed to read, which violates and penalizes the Plaintiff's right to free exercise of his relgion, which violates the rule 425.70 that only requires the Plaintiff to inform the Chaplain of his religion and diet. The Plaintiff discovering the rule 425.70 informed the Defendant of his diet through the Written Verification of rule 425.70, canceling any former agreement that was signed under duress, that his diet would contain substitutes of chicken and fish when offered to General Population due to the unhealthy and over consumption of soy products that were causing pain to the Plaintiff's joints and other potential harmful side effects, that violated the health of his "Holy Temple" of God, his body the Plaintiff supported his Written Verification through Holy scripture and informed the Chaplain that it his sincere belief of his diet and health. Defendant Jones was aware of the conduct enlisted and performed by the other defendants and after the Plaintiff filed grievances and letters to the Chaplain he then retaliated by conjunctively conspiring with the enlisted defendants and retaliated by removing the Plaintiff from his religious diet in violation of the Plaintiff's First Amendment right. The Defendant Jones was acting in his Individual Capacity while under the color of state law to deliberately deprive the Plaintiff of his Constitutional rights, and (RLUIPA)

2. Defendant Rick Bollman, food supervisor and the Plaintiffs immediate supervisor was apprised of the Plaintiff's diet was lacto oval and that the Plaintiff made substitutions to the diet when substitutions were offered to general populations, due to the health of the Plaintiff and said diet was sincerely held. On January 9, 2008 Defendant Bollman wrote the Plaintiff a disciplinary report for possessing a piece of chicken, this action came right after the Plaintiff was at court in the matter of Powers v. Snyder 02-1372, where time spent at court where I was supposed to be at work. Bollman's action violated the Plaintiff rights under the First Amendment and under the Religious Land Use of Institutionalized Persons Act and retaliation

4.

and his right to redress grievances and access the court. Bollman's disciplinary report was heard by Defendant Landwer on January 10,2008 while we were in the dietary department and was Esponged by Defendant Landwer by Defendant Jones "stating that the Plaintiff cannnot be punished for backsliding on his religious tenets." Defendant Bollman was acting in his Individual capacity while under the color of state law to deliberately deprive the Plaintiff of his Constitutional rights.

3. Defendant Segretto, food Supervisor, knowing that the Plaintiff's January 9th 2008 disciplinary ticket was esponged set out his own path of destruction Segretto laid in wait and actually hung out in a closet to see what the Plaintiff was eating., The Plaintiff acting as a cook that day, actually cooked the fish and had prepared Barbeque Chicken that was offered for lunch to General poulation for the rest of the second shift crew. Segretto knowing of the Plaintiff's substitutation of chicken and fish through his Written Verification, that substituted the unhealthy soy product offered that day. Segretto and Bollman both discussed the Plaintiff's ticket being exponged, Segretto came out of the closet and confiscated the white tray that was in the middle of the cook's table and Segretto wrote the Plaintiff a disciplinary report once again for eating or possessing chicken, The Plaintiff writes a grievance on January 14,2008 on both the January 9 and Segretto's January 11,2008 ticket. Said grievance has been attached to this claim. The Plaintiff was found guilty this time by Defendant Landwer and punished 15 days commissary restriction, The Plaintiff wrote another grievance on Correctional Officer/Program Committtee Chairperson Landwer for setting punishment when it was not warranted. Said grievance is attached to this claim. The Counselor responded and interview Segretto about his grievance on his Jnauary 11,2008 ticket. Segretto working on February 6 2008 approaches the Plaintiff and states to the Plaintiff about the money in relief of the grievance. The Plaintiff actually informed the Defendant Segretto of his Written--Verification, informed Segretto about the Religious Land Use and INstitutionalized Persons Act and also of the Prison Litigation Act of 1997, Segretto repeated the relief in the grievance and then wrote another disciplinary report stating the relief was "Threats and Intimidation" and then sent the Plaintiff back to his house. On February 7,2008 the Plaintiff was scheduled to work and walk into the dietary and was confronted by Food Supervisor Bonnell and she stated "That per Dietary Manager Cindy Eycamp that you were fired by Assistant Warden Trancoso because of the ticket written by Segretto. The Plaintiff had not even recieved the ticket yet and did not hear the ticket by the Adjustment Committee either but was retaliated

5.

by the loss of his dietary job because the Plaintiff asserted his right to redress grievance on Segretto. The Threats and Intimidation disciplinary report was exponged by the Adjustment Committee Sgt.Valdivisio. The Plaintiff has not recieved his job back either. Segretto's action violated the Plaintiff's rights under the First Amendment and under the ReligiousLand Use and Institutionalized Person Act and retaliation and hisright to redress grievances. Defendant Segretto was acting in his Individual capacity while under the color of state law to deliberately deprive the Plaintiff of his Constitutional rights.

4. Defendant Wes Landawer, Correctional Officer also Program Committee Chairperson who was responsible to hear minor infractions., the Plaintiff made Landawer aware of his Written Verification to substitute chicken and fish inaddition he was aware of Chaplain Jones informing that one cannot be punished for backsliding on thier religious tenets. Landawer imposedpunishment of 15 day commissary restrictionon the Plaintiff's ticket of January 11,2008 by Segretto, The Plaintiff wrote a grievance on Landawer and is included within his claim. On 2/27/08, Defendant Castillo wrote anotherrdisciplinary ticket on the Plaintiff where Landawer heard the ticket and once again it was for having chicken. Landawer discipline the Plaintiff to C grade taking all of his priviledges, particularily hardshipping the Plaintiff in his legal matters, where Landawer could have recused himself but enter into a verbal argument with the Plaintiff and insured the Plaintiff that he would make sure that the Plaintiff be removed from his religious diet. Landawer actions violated the Plaintiff rights under the First Amendment and under the Religious Land use of Institutionalized Persons Act and retaliation for his right to redress grievances. Defendant Landawer was acting in his individuall capacity while under the color of state law to deliberately deprive the Plaintiff of his Constitutional rights.

5. Defendant Luis Castillo, Food supervisor, knowing of the disciplinary reports were written on the Plaintiff and knowing the grievances by the Plaintiff written on his two buddies within the dietary department and knowing the Plaintiff's Written verification which allowed the Plaintiff to substitute chicken and fish with the unhealthy soy products.On February 27,2008 wrote the Plaintiff a disciplinary report for eating chicken.Castillo's action violated the Plaintiff's rights under the First Amendment and under the Religion Land Use and Institutionalized Person act and retaliation in conspiring with the defendants to the Plaintiff's right to redress grievances. Defendant Castillo was acting in his Individual capacity while under the clor of state law to deliberately deprive the Plaintiff of his Constitutional rights.

## VI.
## REQUEST FOR RELIEF

**WHEREFORE**, for the claims set forth in the foregoing cpunts, the Palintiff Thomas Powers prays that thsi court award him:

   a. all actual compensatory and nominal damages from the defendants that this Court deems appropiate including but not limited to damages sufficient to compensate the Plaintiff for lost wages, his mental and emotional suffering, and all other compensable losses suffered by the plaintiff to at least equal the amount of $300,000.00. (Three Hundred Thousand Dollars)

   b. Punitive damages from the defendants in an amount sufficient to punish Defendants and deter Defendants and other from engaging in similar conduct in the future, that this retaliatory conduct should be looked at that each individual to pay any damages in a punitivee nature by garishment of wages.

   c. any legal fees and or filing fees.

   d. an Injunction ordering the corrections of the Constitutional deficiences alleged in this complaint, and

   e. such other and further relief as this court may deem appropiate.

## VII.
## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

   I, the undersigned, certify to the best of my ability, knowledge and belief that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that a failure to comply with Rule 11(a) and (b) may result in sanctions, monetary and non-monetary, pursuant to Federal Rule of procedure 11(c).

   The Plaintiff hereby requests thsi Honorable Court to issue all appropriate service and/or notices to the defendants.

Signed this _15th_ day of _April_, 2008

_____  
NOTARY PUBLIC

"OFFICIAL SEAL"  
Sally A. Joos  
Notary Public, State of Illinois  
My Commission Exp. 07/12/2008

_____  
Thomas Powers N-91586  
Dixon Correctional center  
2600 N. Brinton ave.  
Dixon, Illinois 61021

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 2/5/8
Offender: Powers Thomas (Please Print)
ID#: N51576

Present Facility: Dixon
Facility where grievance issue occurred: Dixon

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): 27/8F
☐ Disciplinary Report: ___/___/___
Date of Report                                                                                      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I am grieving the staff misconduct of Assistant Warden Victor Transcoso where in conspiracy with CFSS II Segretto has retaliated against me for my right to redress grievances under the First Amendment (see 1/14/8 and 2/7/8 grievances on CFSS II Segretto). On 2/7/8 A/W Transcoso without penological interest abused his discretion by conspiring with CFSS II Segretto by terminating me from my dietary position without any form of due process guided by the US Supreme Court under Wolfe vs McDonnell which formulates the Adjustment Committee process. On 2/6/8 CFSS II wrote an IDR in retaliation for a grievance filed on Segretto on 1/14/8 - On 2/7/8 A/W Transcoso only by knowledge

Relief Requested: Retaliation to stop - EXPUNGE IDR - Dietary position reinstated. All other relief in conjunction w/ written grievances Grievance to be expedited with Urgency.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Powers                                 N51576          2,5,2008
Offender's Signature                                 ID#                     Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response ___/___/___

---

**EMERGENCY REVIEW**

Date Received: 2, 13, 08

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature                2, 13, 08  Date

Distribution: Master File; Offender
Page 1
DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 3/3/2008
**Offender (Please Print):** Thomas Powers
**ID#:** N51586
**Present Facility:** Dixon
**Facility where grievance issue occurred:** Dixon

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Religious Right

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I am grieving the staff misconduct of Chaplain Larry Jones for suspending my religious diet on 3/3/8 I recieved a letter from Chaplain Jones suspending my diet under the Seventh Day Adventist Chaplain Jones misconduct is that the applying religious diet agreements in violation of IDOC rule 425.70 and in violation of the First Amendment

**Relief Requested:** Grievance to be attached to the ongoing grievances of other staff members in relationship to my Religious Diet. Restore Diet under Seventh Day Adventist Watter Verification

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Powers / N51586 / 3,3,8
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name / Counselor's Signature / Date of Response

### EMERGENCY REVIEW

**Date Received:** ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

08-01-84

(27)

| | |
|---|---|
| Date: January 13, 2008 | Offender: (Please Print) Thomas Powers |
| | ID#: N-91586 |
| Present Facility: Dixon Correctional | Facility where grievance issue occurred: Dixon correctional |

**NATURE OF GRIEVANCE:**

☐ Personal Property
☐ Staff Conduct
☐ Transfer Denial by Facility
☐ Mail Handling
☐ Dietary
☐ Transfer Denial by Transfer Coordinator
☐ Restoration of Good Time
☐ Medical Treatment
☐ Disability
☐ HIPAA
☐ Other (specify): 27/BF

☐ Disciplinary Report: 1/9/2008
Date of Report                           Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I am grieving the staff misconduct of CFSS II Segretto, for fabricating a state document (DOC 0317) by putting incorrect information into the body of the IDR, in his attempt to harass and his continous intimidation to test the sincerity of my religious diet, this IDR is in retaliation from past grievances, past confrontation on Segretto assaulting me. Segretto's conduct is well known and has to be documented for him singling me out, for my protection in retaliation that will come from this grievance, that has come from my numerous court matters, for protection from future retaliation for my First Amendment right to redress grievances and access the court, and my right to freely express of my religion and my right to rehabilation under the Illinois Constitution Article 1 Section 11 to be restored to useful citizenship.

FABRICATING A STATE DOCUMENT- I never possessed or did I eat from another tray, the body of this ticket reads that I ate chicken from a styrofoam tray given to me by Inmate Weedman N-94444. I am a dietary specialist assigned to the serving line. The meal of the day for

**Relief Requested:** Full investigation completed. If matter needs to be resolved and continues to be brought into court I will seek $25,000.00 compensatory damages and $100,000.00 in punitive damages to be paid by this employee directly not by the taxpayers of great State of Illinois

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Powers                    N-91586             1/18/2008
Offender's Signature              ID#                 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: 1/22/08

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per Supervisor Segretto he stands periodically in watch window. He observed food being transferred from Weedman to Powers. He further states he does not retaliate, if the person eats food not on diet then it's considered contraband.

B. Krank CCII        B. Krank    2/3/08
Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                ___/___/___
Chief Administrative Officer's Signature         Date

Distribution: Master File; Offender        Page 1        DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

January 11,2008 for dietary workers was fried fish, BBQ Chicken, baked potatoes, and corn for desert oatmeal cookies-The lacto Oval diet was soy crumbs with chopped onions, biscuits, baked potatoe , corn and an orange.

**SEGRETTO'S CONDUCT** Segretto's actions have to be weighed. On 1/9/2008, I was written the same type of IDR by CFSS II Bolman and that IDR was expunged- word got out of the expungement and Segreeto hid out in the dietary boiler room and looked through the grating to the third row middle table a sum of some 20 to 25 feet in the North dining room, first of all the tray in question did not contain chicken but fried fish and from his view he could not see what I did particularily when my back was to Segretto. Segetto's conduct is so minute that he has to hide out and stalk me to see what I am eating. Segretto has made it well known that he believes that I should not have a Lacto-oval diet.

**DISCIPLINE IS SET WITHIN THE BODY OF THE RELIGIOUS DIET AGGREEMENT** As stated in the present religious agreement that if I do not meet the critiera of the aggreement in three separate occassions then I would be taken off, any violation is a backslide of my religious tenets before God and I should not be subjected to a stacking of disciplinary charges where I believe that Segretto's conduct should be evaluated where it has become well known that when this first shift supervisor works second shift he terminates second shift workers because he has disputes with second shift supervisors to cause them additional hardship when running thier shift with skeleton crews. Where I ask Administration to concern themselves with this erratic behavior.

**PROTECTION FROM RETALIATION TO MY RIGHT TO REDRESS GRIEVANCES AND COURT ACCESS, TO FREELY EXPRESS MY RELIGIOUS RIGHT AND NOT TO BE HINDER IN MY EFFORTS FOR REHABILATION.** The ongoing civil rights actions pending with present scheduling of February 15,29,2008 and March 13,17, 2008 causes me concern when a non substance discipline report is written. In addition to my remand in my criminal matter presently scheduled for January 14,2008.This matter will be brought to the presiding judges

**EMERGENCY GRIEVANCE** Due to the ongoing matters, Segretto's known retaliatory conduct this matter must be handled in urgent manner.

Segretto's conduct is unlawful of criminal statue of Intimidation 720ILCS 5;12-6 Segretto's ongoing harrassment, assault to my body and most recent accusation of fraternazation which has no substance by the nature  accusing me of an offense and under the law of Intimidation he can be found guilty to this class 3 felony, inaddition to Segretto's violation of the US Constitution under the First Amendment and the Illinois Constitution Article one Section Eleven and by IDOC's Standard of Conduct Segretto must be terminated

Copies

Internal Affairs /Springfield
Attorney Alan Gerson Counsel for Thomas Powers
Attorney General
Copy to US District Court in both matters Powers V. Snyder and Powers V Jaimet

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Date: 2/7/08

Offender: (Please Print) Powers Thomas　　ID#: N91586

Facility where grievance issue occurred: Dixon

**GRIEVANCE:**
- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): 27/BF

- [x] Disciplinary Report: 2/6/2008　Dixon
　　　Date of Report　　　Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON 2/6/2008 at 3:00pm at the dietary worker feed CFSSII Segretto approached me to see what I was eating on my religious diet. Segretto also stated that he read the grievance that I filed on January 14 2008 and stated to me "That you want $25,000.00 in your grievance."
I took this conduct as harrassment, intimidation and retaliation for filing the previous grievance, in addition Segretto's constant retaliation in my right to free exercise of my religious right under the

**Relief Requested:** Due to Segretto's erratic behavior and ongoing retaliation - Espangement of IDR - Suspension for violation of Law, 75K in Compensatory Damages and 250,000 in punitive damages

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Powers　　N91586　　2/7/2008
Offender's Signature　　ID#　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 2/26/08
- [x] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Note: IDR dated 2-6-08 is expunged per AB

B. Frank CCII　　B. Frank
Print Counselor's Name　　Counselor's Signature

---

**EMERGENCY REVIEW**

Date Received: 2/27/08　　Is this determined to be of an emergency nature?

ILLINOIS DEP...
**OFFENDER'S GRIEVANCE** (Continued)

First Amendment, and not to be penalized for the free exercise."

As stated in the January 14 2008 grievance Segretto works second shift to terminate second shift workers to cause hardship to second shift staff.

His conduct is unlawful and he should be suspended and once again I am asking Dixon Administration to intervene.

This is a legal matter once a grievance is filed pursuant to the 1997 Prison Litigation Act.

Thomas Paurs N51586
2-7-8

Page 2

DOC 0046 (Rev. 3/2005)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Date: 1/20/2008
Offender: (Please Print) Powers
ID#: N51586
Present Facility: Dixon
Facility where grievance issue occurred: Dixon

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report: 1/11/2008
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

Date of Report: 1/11/2008    Facility where issued:

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I am grieving the staff misconduct of Program Committee Chairperson Wesley Landwer for his failure to expunge the above written IDR, in addition I am sueing the discipline on the above IDR. Incident Number 200800180/1-Dix Per Chaplain Jones' An inmate cannot be punished for backsliding on the tennets of thier faith. The body of the ticket state "Pete chicken"

**Relief Requested:** Ticket Expunged

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature: Thomas Powers    ID#: N51586    Date: 1/20/2008

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: __/__/__
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

Date Received: __/__/__

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Date: 2/29/2008  Offender: Thomas Powers  ID#: N51586
Present Facility: Dixon  Facility where grievance issue occurred: Dixon

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

[x] Disciplinary Report: 2/27/2008
Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ON 2/27/2008 I was yet confronted by C/O SSII Castill for substituting chicken for soy products per the religious agreement pursuant to Caselaw 2006 WL 3523750 Agrawal vs Briley — I walked up to the line and recieved my diet tray and noticed it had chicken, I asked Sgt Pate to go back to the line, He granted permission and I substituted chicken for the dangerous and unhealthy soy product - A ticket was written for theft, Contraband, Violation of Rules and Unauthorized Movement and heard by Chairperson Landawer even though Landawer has a grievance previously on him for his part in violation of my First Amendment. Landawer discipline is retaliatory

Relief Requested: Continuous retaliation to stop violating my right to free exercise of my First Amendment religion. This grievance is in direct relationship of past grievance on denying substitutes of my Religious Diet

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Thomas Powers    N51586    2,29,2008
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name    Counselor's Signature    Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___  Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

10

```
OERRM178            ILLINOIS DEPARTMENT OF CORRECTIONS
                      OFFENDER TRACKING SYSTEM:RM           RUN DATE: 03/06/08
                        GRADE DEMOTION NOTIFICATION         RUN TIME: 18.11.04
AS OF DATE: 03/06/08
                         INSTITUTION:  DIXON


IDOC # : N91586     NAME : POWERS, THOMAS J.            LIVING UNIT : NE-27-63


          DUE TO AN ADJUSTMENT COMMITTEE HEARING, YOU HAVE BEEN
          DEMOTED TO C GRADE AS OF 02/28/08.  YOU WILL RETURN TO
          B GRADE ON 03/28/08 AND A GRADE ON 04/28/08.

          GRADE DEMOTIONS ARE COMPUTED CONSECUTIVELY TO PRIOR
          DEMOTIONS, WHEN APPLICABLE, INCLUDING DEMOTIONS RECEIVED
          AT OTHER FACILITIES.

          FROM:   RECORDS OFFICE
```

4/60

Legal

Tom Powers N71582
Dixon CC
2600 N Brinton ave
Dixon, IL 61021

The Honorable Clerk of the
United States District
Court
Northern District (West)

Federal Building
211 South Court St
Rockford, Illinois
61101

Legal