# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50071 | **DATE** | 4/28/2008 |
| **CASE TITLE** | Thomas Powers (#N-91586) vs. Larry Jones, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is denied. The plaintiff must pre-pay the full statutory filing fee of $350.00. Failure to pay within thirty days of the date of this order will result in summary dismissal of this case. *See* Local Rule 3.3(e).

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000(c)(c)(3). The plaintiff claims that the defendants, officials at the Dixon Correctional Center, have violated the plaintiff's constitutional rights and the Religious Land Use and Institutionalized Persons Act by infringing on the exercise of his religion. More specifically, the plaintiff claims that the defendants have refused to provide him with a diet that comports with his Seventh Day Adventist faith and nutritional guidelines.

The plaintiff's motion for leave to proceed *in forma pauperis* must be denied for lack of a sufficient showing of indigence. The plaintiff's financial affidavit reveals that he has a current balance of $2,594.97 in his prison trust account. Because the plaintiff is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). A prisoner, like any other person contemplating a civil suit, must consider the cost of the litigation versus the probability of success.

In sum, the court finds that the plaintiff is financially able to pay the $350 filing fee. Consequently, the plaintiff must prepay the statutory filing fee if he wishes to proceed with this action. The plaintiff may pay by check or money order made payable to Clerk, United States District Court. If the plaintiff fails to comply with this order within thirty days, the case will be summarily dismissed. *See Braccia v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

mjm