IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Thomas Powers )
Plaintiff )
)
vs. )  FILED  Case No. 8C50071
)
Larry Jones, Daniel Segretto, Rick Boll- )  MAY 0 9 2008  THE HONORABLE JUDGE
man, Wes Landawer, and Luis Castillo )  Reinhardt
Defendants )
) MICHAEL W. DOBBINS
) CLERK, U.S. DISTRICT COURT

## MOTION FOR INJUNCTIVE ORDER
## WITH MEMORADUM OF LAW

The Plaintiff states in support,

1. The Plaintiff is a Seventh Day Adventist and set his Religious Diet and has provided the Defendants under IDOC rule 425.70 a "Written Verification" of the above stated religion and Diet.

2. The Plaintiff has been retaliated against his right to redress grievances and hsi right to "free excercise" of his religion under the First Amendment of the United States Constitution.

3. The Plaintiff has filed grievances and exhausted his remedies to address the Injunctive order and has not had his Constitutional right to diet restored.

4. The violation of the Plaintiff's Constitutional right continues to suffer the Plaintiff spiritually and is causing the Plaintiff physical and emotional pain to be forced to eat foods that violate the Plaintiff's "holy temple" being his body.

In support of this Injunctive Order the Plaintiff stes a Memorandum of Law.

## MEMORANDUM OF LAW

Statement of Case has been included with this civil rights action brought under 42 U.S.C. 1983 and 42 U.S.C. 2000(c)(c)(3) of the Religious Land Use and Institutionalized Persons Act,

## ARGUMENT
## POINT 1

The Plainiiff is entitled to an Injunctive order. In determining whether a party is entitled to an injunction, courts generally consider the factors: whether the party will suffer irreparable injury, the "balance of Hardships" between the parties, the liklihood of success on the emerits and the public interest.

A. The Plaintiff is threatened with irreparable harm. The Plaintiff alleges without any penological interest and without any additional government order the defendants have and causing the Plainitiff to lose spirituallity and causing

physical pain. Such conduct is a clear by the Defendants is a vioaltion of the First Amendment. As a Matter of law, the continuing deprivation of Constitional rights constitutes irreparable harm Elrod v. Burns, 427 US 347,373,96 S.Ct.2673(1973). The Plainiff is threatened with irreparable harm in violating his religious rights.

B. The balance of hardships favors the Plaintiff. In deciding whether to grant an Injunctive Order, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-movant party. Each defendant can go home and eat what they want here the Defenants want to control the Plaintiffs religion and in turn beoome "Religious Police". Reed v. Faulker 842 F2d 96. The defendants are not affected at all in what the Plaintiff eats.

C. The Plaintiff is likely to succeed on the merits. The Religious Land Use and Institutionalized Persoms Act under Cutter v.Wilkerson 544 US 709 clearly hits on these points where the governments burdens and where thier intent to violate the Plaintiff's First Amendment is exactly the same in the Plaintiff's case.

D. The relief sought willserve the public interest. In this case, the grant of relief will serve public interest because it always in the public interest for prison officials to obey the law. Duran v. Anaya, 642 F.Supp 510 527. The defendants are guilty of Official Mmisconductt.

CONCLUSION

For the foregoing reasons the Court should grant the motion and order the Defendants to reinstate the Plaintiff's diet pursuant to his "Written Verification.

Thomas PowersN-91586
Dixon C.C.
2600 N.Brinton ave.
Dixon,Illinois 61021