# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50071 | **DATE** | 5/15/2008 |
| **CASE TITLE** | Thomas Powers (#N-91586) vs. Larry Jones, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his complaint. The plaintiff's motions for appointment of counsel [document nos. 5 and 9] are granted. Edward J. Mitchell, Attorney at Law, 110 North Broad Street, Lanark, Illinois 61046, (815) 493-633 is appointed as counsel for the plaintiff. The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on Tuesday, July 1, 2008 at 10:00 a.m. The plaintiff's motions for preliminary injunctive relief [document nos. 3 and 8] are denied, without prejudice.

■ **[For further details see text below.]**

Docketing to mail notices.
Copy to Magistrate Judge Mahoney

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000(c)(c)(3). The plaintiff claims that the defendants, officials at the Dixon Correctional Center, have violated the plaintiff's constitutional rights and the Religious Land Use and Institutionalized Persons Act by infringing on the exercise of his religion. More specifically, the plaintiff claims that the defendants have refused to provide him with a diet that comports with his Seventh Day Adventist faith and nutritional guidelines. The plaintiff has paid the filing fee as directed. *See* Minute Order of April 28, 2008.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act and RLUIPA. Both the First Amendment and RLUIPA require reasonable accommodation of an inmate's exercise of his religious beliefs. *Koger v. Bryan*, --- F.3d ----, 2008 WL 1821311, at *3 (7th Cir. Apr. 24, 2008) (finding that an inmate had an arguable right to a non-meat diet associated with, even though not compelled by, his sincerely held religious beliefs). RLUIPA prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.*, citing 42

**(CONTINUED)**

mjm

## STATEMENT

U.S.C. § 2000cc-1(a)(1)-(2).  While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

The plaintiff's motions for appointment of counsel are granted.  Edward J. Mitchell, Attorney at Law, 110 North Broad Street, Lanark, Illinois 61046, (815) 493-633 is appointed as counsel for the plaintiff.  Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the defendants of the commencement of the action and to request waiver of service of summons.  The notices shall be directed to each named defendant employed at the Dixon Correctional Center, c/o Warden Nedra Chandler, Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021.  Notices to defendants not employed at Dixon Correctional Center shall be directed to each named defendant at the appropriate business address.

The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on Tuesday, July 1, 2008 at 10:00 a.m.

It is further ordered that, on the status/settlement date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action and the personal involvement of each named defendant.  *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact.  The defendants need not respond to the pending complaint until further order of the court.

It is further ordered that, fourteen days prior to the status/settlement conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

  A) The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

  B) The defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings.  The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

  C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Defense counsel shall issue the appropriate notice of deposition to plaintiff's counsel.
**(CONTINUED)**

## STATEMENT

  Finally, the plaintiff's motions for injunctive relief are denied. The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

  Here, the plaintiff has not met his burden. Although the plaintiff has articulated colorable claims, the court is not satisfied that the plaintiff faces irreparable harm. The court is reluctant to order emergency action before the defendants have been served and can respond to the plaintiff's allegations. Accordingly, the plaintiff's motions for preliminary injunctive relief are denied at this time. Denial is without prejudice to renewal by plaintiff's counsel.